IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

FILED / ENTERED
LOGGED / RECEIVED

MAR 2 3 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

RDB 16 CV 0869

| | | |
|---|---|---|
| Adam Frazier, | ) | Civil Action No._____ |
| Plaintiff | ) | |
| Vs. | ) | **DEMAND FOR JURY TRIAL** |
| Central Credit Services LLC, Radius Global | ) | |
| Solutions LLC, Katie Marshall, | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Adam Frazier, individually, hereby sues Defendants, Central Credit Services LLC (hereinafter "Central Credit Services"), Radius Global Solutions LLC (hereinafter "Radius Global Solutions"), and Katie Marshall for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et al* and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 *et al*.

## PRELIMINARY STATEMENT

1

1. This is an action for damages brought by Plaintiff against the Defendants for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii) and the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 *et al*.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but non-existent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3) and 15 U.S.C. § 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transacts business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. Plaintiff, Adam Frazier, is a natural person and is a resident of the State of Maryland.

8. Upon information and belief Defendants, Central Credit Services and Radius Global Solutions are foreign corporation debt collectors registered to do business in the State of Maryland. Upon information and belief Defendant Katie Marshall is an employee and/or contractor who works for Central Credit Services and Radius Global Solutions.

## FACTUAL ALLEGATIONS

9. On or about September 2, 2015, Central Credit Services, Radius Global Solutions, and Katie Marshall violated the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (301) 992-8278 using an automatic telephone dialing system (See Exhibit A) and leaving an artificial voice and prerecorded message with no prior permission given by Plaintiff.

10. Plaintiff received many more calls from (240) 292-0638, all of which were documented (See Exhibit B) resulting in several prerecorded messages left by Central Credit Services and Katie Marshall.

11. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent given at any time, express or otherwise, by the Plaintiff.

12. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall are debt collectors attempting to collect on an alleged but non-existent debt.

13. Plaintiff and Defendants do not have an established business relationship as defined by 47 U.S.C. § 227(a)(2)(A).

## COUNT 1
## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. § 227

14. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

15. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall have demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

16. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall have committed 21 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

17. Defendants repeated calls to Plaintiff's cell phone were inconvenient and annoying.

18. Plaintiff, many times, had to stop what he was doing at work and silence his phone. He also was inconvenienced by the many prerecorded voice mails in his voice mail box.

19. Plaintiff has never given Central Credit Services, Radius Global Solutions, and Katie Marshall permission to call Plaintiff's cell phone.

**WHEREFORE,** Plaintiff demands judgment for damages against Central Credit Services, Radius Global Solutions, and Katie Marshall for actual or statutory damages, and punitive damages pursuant to 47 U.S.C. § 227 (G)(3)(B).

## COUNT II
## VIOLATIONS OF THE MARYLAND TELEPHONE
## CONSUMER PROTECTION ACT (MTCPA)
## §14-3201(2), §14-3202

20. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 19.

21. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall have demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

22. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall have committed 21 separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

23. Plaintiff was highly annoyed and inconvenienced by the repeated calls.

24. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Central Credit Services, Radius Global Solutions, and Katie Marshall for actual or statutory damages, and punitive damages pursuant to Maryland Code § 14-3202b.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 CENTRAL CREDIT SERVICES, RADIUS GLOBAL SOLUTIONS, AND KATIE MARSHALL

25. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C. § 1692a(3).

27. Defendants are debt collectors within the meaning of FDCPA 15 U.S.C. § 1692a(6).

28. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall violated 15 U.S.C. § 1692e(10) by the use of any false representation or deceptive

means to collect or attempt to collect an alleged debt or to obtain information concerning the consumer.

29. Plaintiff's cell phone number was never given to Defendants and Plaintiff has no idea how Defendants got it.

30. Defendants, Central Credit Services, Radius Global Solutions, and Katie Marshall violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring repeatedly.

31. Plaintiff was continually harassed by Defendants phone calls and felt annoyed by having his activities interrupted by Defendants calls.

32. Plaintiff never gave permission for Defendants to call his cell phone.

33. Defendants are debt collectors attempting to collect on an alleged but non-existent debt.

**WHEREFORE**, Plaintiff demands judgment for damages against Central Credit Services, Radius Global Solutions, and Katie Marshall for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. 1692k.

## COUNT IV
## VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE
## 14-202 CONSUMER DEBT COLLECTION BY CENTRAL CREDIT SERVICES, RADIUS GLOBAL SOLUTIONS, AND KATIE MARSHALL

34. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 33.

35. Plaintiff is a person within the meaning of Maryland Commercial Code § 14-201(d).

36. Defendants are collectors within the meaning of Maryland Commercial Code § 14-201(b).

37. Defendants, Central Credit Services, Radius Global Solution, and Katie Marshall violated Maryland Commercial Code § 14-202(6) by calling the Plaintiff with such frequency as to annoy and cause emotional distress.

38. Defendants, Central Credit Services, Radius Global Solution, and Katie Marshall violated Maryland Commercial Code § 14-202(8) by claiming with phone calls the right to enforce the collection of an alleged debt when that right did not exist.

**WHEREFORE,** Plaintiff demands judgment for damages against Central Credit Services, Radius Global Solution, and Katie Marshall for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to Maryland Commercial Code § 14-203.

Respectfully submitted this March 22, 2016

*/s/ Adam Frazier*

Adam Frazier

801 Pennsylvania Ave

Hagerstown, MD 21741

(301) 992-8278

reizarf@gmail.com

## **VERIFICATION**

I, Adam Frazier, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

ADAM FRAZIER

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 18th day of December, 2015.

Notary

My commission expires: April 11, 2016

Steve Swayne
NOTARY PUBLIC
Washington County, State of Maryland
My Commission Expires April 11, 2016

Steve Swayne
NOTARY PUBLIC
___ County, State of Maryland
___ssion Expires April 11, 2016

8